UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **PROTECTIVE ORDER** |
| v. | **23 Cr. 204 (PGG)** |
| BRUCE SILVA et al., | |
| Defendants. | |

Upon the application of the United States of America, by Assistant United States Attorneys Jacob R. Fiddelman, Michael R. Herman, and Matthew J. King, of counsel, and with the consent of each of the defendants, through their counsel, the Court hereby finds and orders as follows:

## Categories

1.     **Disclosure Material**.  The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as  "Disclosure Material."  The Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2.     **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the

defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."[1]

3.  **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

## Disclosure and Treatment

4.  Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action and the related actions 22 Cr. 347 (PGG) and 22 Cr. 484 (PGG). The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. The defense may disseminate Disclosure Material that is not subject to any heightened designation to the defendants, other defense counsel, any personnel for whose conduct defense counsel is responsible, and prospective witnesses and their counsel to the extent deemed necessary by defense counsel for the purpose of defending this criminal action and the related actions identified above.

---

[1] Any material bearing the designation "Sensitive" under a prior protective order constitutes APO Material under this Protective Order.

2

5.     APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendant's counsel or any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

6.     AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

7.     APO Material or AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

## Other Provisions

8.     This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action or the related actions identified above, or to any judge or magistrate judge, for purposes of this action or the related actions identified above. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

9.     The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

10.     The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11.     Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

12.     This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to that defendant.

13.     Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

14.     The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI seized from any named defendant, which shall be deemed APO Material unless otherwise designated.

## Retention of Jurisdiction

15.     The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:     4/25/23
Jacob R. Fiddelman
Michael R. Herman
Matthew J. King
Assistant United States Attorneys


BRUCE SILVA

*Christopher Wright*          Date:   4/26/2023
Christopher Wright, Esq.
Counsel for Bruce Silva


BRUCE MELVIN

_____          Date:   _____
Raoul Zaltzberg, Esq.
Counsel for Bruce Melvin


JORDAN BENNETT

_____          Date:   _____
Michael Bradley, Esq.
Counsel for Jordan Bennett


ELIJAH POUGH

_____          Date:   _____
James Roth, Esq.
Counsel for Elijah Pough

**Retention of Jurisdiction**

15.     The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:    4/25/23

Jacob R. Fiddelman
Michael R. Herman
Matthew J. King
Assistant United States Attorneys

BRUCE SILVA

_____          Date:    _____

Christopher Wright, Esq.
Counsel for Bruce Silva

BRUCE MELVIN

*Raoul Zaltzberg*          Date:    4/26/23

Raoul Zaltzberg, Esq.
Counsel for Bruce Melvin

JORDAN BENNETT

_____          Date:    4/26/23

Michael Bradley, Esq.
Counsel for Jordan Bennett

ELIJAH POUGH

_____          Date:    4/28/23

James Roth, Esq.
Counsel for Elijah Pough

5

SHADELL MCBRIDE

_____     Date:  _____
Andrew Patel, Esq.
Counsel for Shadell McBride


ALZUBAIR SALEH

_____     Date:  _____
Joshua Horowitz, Esq.
Counsel for Alzubair Saleh


GIOVANNI RODRIGUEZ

*Benjamin Zeman*
_____     Date:  4/27/2023
Benjamin Zeman, Esq.
Counsel for Giovanni Rodriguez


GABRIEL VALDEZ

_____     Date:  _____
_____
Counsel for Gabriel Valdez


EMMANUEL PEREZ

*Jacqueline Cistaro*
_____     Date:  04/27/2023
Jacqueline Cistaro, Esq.
Counsel for Emmanuel Perez


SO ORDERED.

Dated:  New York, New York
           _____, 2023


                                    _____
                                    HONORABLE PAUL G. GARDEPHE
                                    UNITED STATES DISTRICT JUDGE

SHADELL MCBRIDE

_____     Date:  _4/28/2023_
Andrew Patel, Esq.
Counsel for Shadell McBride


ALZUBAIR SALEH

_____     Date:  _____
Joshua Horowitz, Esq.
Counsel for Alzubair Saleh


GIOVANNI RODRIGUEZ

_____     Date:  _____
Benjamin Zeman, Esq.
Counsel for Giovanni Rodriguez


GABRIEL VALDEZ

_____     Date:  _____
_____
Counsel for Gabriel Valdez


EMMANUEL PEREZ

_____     Date:  _____
Jacqueline Cistaro, Esq.
Counsel for Emmanuel Perez


SO ORDERED.

Dated: New York, New York
       _____, 2023


                              _____
                              HONORABLE PAUL G. GARDEPHE
                              UNITED STATES DISTRICT JUDGE


6

SHADELL MCBRIDE

_____          Date:   _____
Andrew Patel, Esq.
Counsel for Shadell McBride


ALZUBAIR SALEH

_____          Date:   _____April 27, 2023_____
Joshua Horowitz, Esq.
Counsel for Alzubair Saleh


GIOVANNI RODRIGUEZ

_____          Date:   _____
Benjamin Zeman, Esq.
Counsel for Giovanni Rodriguez


GABRIEL VALDEZ

_____          Date:   _____
_____
Counsel for Gabriel Valdez


EMMANUEL PEREZ

_____          Date:   _____
Jacqueline Cistaro, Esq.
Counsel for Emmanuel Perez


SO ORDERED.

Dated:  New York, New York
        _____, 2023


                                        _____
                                        HONORABLE PAUL G. GARDEPHE
                                        UNITED STATES DISTRICT JUDGE


6

SHADELL MCBRIDE

Date: _____

Andrew Patel, Esq.
Counsel for Shadell McBride

ALZUBAIR SALEH

Date: _____

Joshua Horowitz, Esq.
Counsel for Alzubair Saleh

GIOVANNI RODRíGUEZ

Date: _____

Benjamin Zeman, Esq.
Counsel for Giovanni Rodriguez

GABRIEL VALDEZ

John Russo, Esq.
Counsel for Gabriel Valdez

Date: 5|3|2023

EMMANUEL PEREZ

Date: _____

Jacqueline Cistaro, Esq.
Counsel for Emmanuel Perez

SO ORDERED.

Dated: New York, New York
May 8 _____, 2023

Pauls sandephe

HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

6